IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID LEE ALLEN NEUHRING
ADC # 120517                                                                                              PLAINTIFF

V.                                      5:06CV00094 JLH/HDY

LARRY NORRIS, Director, Arkansas Department of Correction;
GALAND LAY, Warden, Cummins Unit; and
LARRY TEMPAL, Dairy Farm Supervisor, Cummins
 Unit, Arkansas Department of Correction                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must,

1

at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff, a prisoner at the Cummins Unit of the Arkansas Department of Correction, filed this action, pursuant to 42 U.S.C. § 1983, alleging that he suffered permanent injury when he was stepped on by a bull at the Cummins Unit farm. After carefully reviewing Plaintiff's Complaint (docket entry #2) and Amended Complaint (docket entry #6) in accordance with the screening function required by 28 U.S.C. § 1983, the Court recommends that this action be dismissed, with prejudice, based on Plaintiff's failure to state a cognizable claim under § 1983.

### I. Standard for Reviewing Plaintiff's Claims

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). In conducting this review function, a court may *sua sponte* dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting this review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Plaintiff's Claims

Plaintiff's Complaint and Amended Complaint describe how he was injured while working in the livestock area of the Cummins Unit farm when a bull attacked him, stepping on him and breaking his collarbone and finger. Plaintiff's original Complaint named as Defendants Arkansas Department of Correction director Larry Norris, dairy farm supervisor Larry Tempal, and Cummins Unit warden Gaylan Lay. Plaintiff's Amended Complaint also lists as Defendants the State of Arkansas and Cummins Unit itself.

To state a cognizable claim under § 1983, a plaintiff's complaint must allege that the conduct of a defendant acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Walker v. Reed*, 104 F. 3d 156 (8th Cir. 1997). Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* Plaintiff here has named the State of Arkansas and the Cummins Unit of the Arkansas Department of Correction as defendants. A State, or a state agency, however, is not "person" against whom a § 1983 claim for money damages might be asserted. *Lapides v. Board of Regents of University System of Georgia,* 535 U.S. 613 (2002); *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Therefore, the State of Arkansas and the Cummins Unit of the Arkansas Department of Correction are not proper defendants, and Plaintiff's claims against them must be dismissed.

Moreover, Plaintiff has failed to state a cognizable claim under § 1983 against the remaining Defendants for the actions of the bull in causing his injury. Nowhere in the complaint does Plaintiff invoke his constitutional rights or allege any violation of the Constitution or federal law. Instead, and at most, he alleges only a state law claim for negligence, as he clearly recognizes in his Amended Complaint when he discusses the alleged negligence of the Defendants in failing to prevent the injury. "[M]ere negligence on the part of prison officials is not a violation of a state prisoner's due process rights under the Fourteenth Amendment." *Walker, supra* (*citing Daniels v. Williams*, 474 U.S. 327, 328 (1986)). Nor does simple

negligence on the part of prison officials amount to a violation of the Eighth Amendment prohibition against cruel and unusual punishment for inhumane conditions of confinement. *Id.* (*citing Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Therefore, Plaintiff's § 1983 complaint "lacks an arguable basis . . . in law" and is frivolous under § 1915(d). *Neitzke v. Williams,* 490 U.S. 319, 330, n. 9 (1989).

In sum, the Court concludes that Plaintiff, by alleging a claim of negligence against the Defendants, has failed to state a claim upon which relief may be granted.[1]

IT IS THEREFORE RECOMMENDED that:

(1) Plaintiff's Complaint (docket entry # 2) and Amended Complaint (docket entry #6) be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted;

(2) Dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).[2]

(3) The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

---

[1] However, Plaintiff's allegations concerning his injury are state law claims, and he may be able to assert those before the State Claims Commission. *See Hudson v. Palmer*, 468 U.S. 517, 536 (1984)(when state actor deprives individual of personal property, individual does not have § 1983 claim if state law provides adequate post-deprivation remedy); Ark.Code Ann. § 19-10-204(a)(vesting Arkansas State Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions").

[2] Under § 1915(g), a prisoner may not proceed with a civil suit *in forma pauperis* if the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has held that a dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), constitutes a strike under § 1915(g). *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpub. table op.) (citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).

*pauperis* appeal taken from any Order adopting this Recommended Disposition and the accompanying Judgment would not be taken in good faith.

DATED this __18__ day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE